**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Mitchel Cotton, | No. CV-16-02230-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Nancy A. Berryhill, Acting Commissioner of the Social Security Administration | |
| Defendant. | |

Paul Mitchel Cotton has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412 *et. seq.* Doc. 16. No party requests oral argument, and the motion is fully briefed. Docs. 17, 21. For reasons set forth below, the motion will be granted.

**I.     Background.**

Cotton brought this action for judicial review pursuant to 42 U.S.C. § 405(g) after an administrative law judge ("ALJ") denied his application for disability benefits. Doc. 1. The Court vacated the ALJ's decision and remanded for further proceedings. Doc. 13. Cotton has now filed a motion for $4,971.14 in attorney's fees under the EAJA. Doc 16.

In the fee request, Cotton's attorney, Rodney Salmi, discloses that "[a]t the present time . . . Cotton is believed to be homeless, so there is no address to which to send EAJA fees awarded." Doc. 16-3 at 10. While Salmi has hired a private investigator to locate Cotton, he requests that any award of fees be mailed to him, where it will be held in trust for Cotton until he is located. *Id.*

## II. Legal Standard.

Under the EAJA, the Court must award attorney's fees to a prevailing party unless the United States shows that its position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995) ("The EAJA creates a presumption that fees will be awarded to prevailing parties."). In this case, Cotton is a prevailing party because the final administrative judgment denying his application for benefits was reversed and remanded for further consideration. *Gutierrez*, 274 F.3d at 1257 ("An applicant for disability benefits becomes a prevailing party for purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded.").

## III. Special Circumstances.

The government argues that Cotton should be denied attorney's fees under the special circumstances exception. This exception "gives 'the court discretion to deny awards where equitable considerations dictate an award should not be made.'" *Scarborough v. Principi*, 541 U.S. 401, 423 (2004) (quoting H.R. Rep. No. 96-1418, at 11 (1980)). The government bears the burden of proving that special circumstances warrant a denial of attorney's fees under the EAJA. *Gutierrez*, 274 F.3d at 1258.

The government contends that an award of fees would be unjust because Salmi did not obtain Cotton's consent before appealing the denial of social security benefits to this Court. Doc. 17 at 5-6. The government cites *Hensley v. Eckerhart*, a case interpreting the fee-shifting provision of 42 U.S.C. § 1988 and holding that district courts should exclude from fee calculations hours not "reasonably expended." 461 U.S. 424, 434 (1983) (citation omitted).

As an initial matter, the government's argument assumes that facts unrelated to the substantive issues in the case can constitute special circumstances. Some circuits appear to have embraced this position, *see, e.g.*, *Oguachuba v. I.N.S.*, 706 F.2d 93, 99 (2d Cir. 1983), but the Ninth Circuit has not. The committee reports accompanying the

EAJA describe the special circumstances exception as a "safety valve" intended to ensure that the government is not deterred from advancing good faith but novel interpretations of the law. H.R. Rep. No. 96-1418, at 11. The Ninth Circuit has suggested that this legislative history limits the exception to the substantive issues of the case. *Grason Elec. Co. v. N.L.R.B.*, 951 F.2d 1100, 1103 (9th Cir. 1991); *see, e.g.*, *Gutierrez*, 274 F.3d at 1262 (finding no special circumstances where the litigated matter "did not involve contested interpretations of an ambiguous legal rule"); *Animal Lovers Volunteer Ass'n v. Carlucci*, 867 F.2d 1224, 1226 (9th Cir. 1989) (finding no special circumstances because "[t]he litigation on the merits did not involve a close or novel question"); *United States v. Gavilan Joint Cmty. Coll. Dist.*, 849 F.2d 1246, 1249 (9th Cir. 1988) (holding that special circumstances are present when the government argues "'a novel but credible extension or interpretation of the law,' an issue on which 'reasonable minds could differ,' or an 'important and doubtful question[]'") (citations omitted). But even if the context of a case can trigger the special circumstances exception, the Court finds that the government has not met its burden of showing that fees should be denied here.

The crux of the government's argument is that Salmi appealed Cotton's denial of social security benefits without Cotton's consent. But Salmi has provided the Court with an affidavit establishing that he was indeed in contact with Cotton when he filed the appeal. Doc. 21-1. Although Cotton did not sign a formal fee agreement with Salmi, it was Salmi's understanding that Cotton wished to proceed with the appeal. *Id.*; *cf. Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)) (explaining that when a defendant "objectively indicate[s] his intent to appeal[,]" it is unreasonable for counsel not to appeal). In addition, "the clearly stated objective of the EAJA is to eliminate financial disincentives for those who would defend against unjustified governmental action." *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007) (citation omitted). Cotton, a homeless man existing on the fringes of society, is the type of exceptionally vulnerable person the EAJA was intended to serve. Denying him

attorney's fees because he lacks a phone or computer with which to readily communicate with his attorney would be inconsistent with the EAJA's purpose.

Finally, the government's reliance on *Hensley v. Eckerhart* is misplaced. *Hensley* addressed how to determine the size of the fee award – the "lodestar" calculation – under the fee-shifting provisions of the civil rights statutes, not whether special circumstances defeat an award of fees. 461 U.S. at 434-35; *see also Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 n.2 (9th Cir. 2000) (considering the special circumstances exception independent from the reasonableness requirement under *Hensley*). The case provides no basis for denying Cotton attorney's fees.

## IV. Awarded Fees.

The parties agree that if the Court awards attorney's fees under the EAJA, the Court must award them to Cotton. *See Astrue v. Ratliff*, 560 U.S. 586, 586 (2010). But the parties disagree on who should hold the fees until Cotton has been located. Salmi asks that the fees be mailed to him to be held in trust for Cotton. Doc. 16-3 at 10. The government requests that the fees be "mailed to Cotton's last known address, and, if returned, processed by the government, accordingly." Doc. 17 at 9.

The Court concludes that the government should hold the fees until Cotton is located. The government and Salmi should attempt to notify Cotton of the Court's fee award. If Cotton is located and seeks to collect the fees, the government shall, before disbursement to Cotton, notify Salmi so that he may protect his interest in fees he is entitled to recover for his work on this case.

**IT IS ORDERED** Cotton's Motion for Attorney's Fees under the EAJA (Doc. 16) is **granted** and Cotton is awarded $4,971.14 in attorney's fees.

Dated this 20th day of October, 2017.

_____
David G. Campbell
United States District Judge